# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEL THOMPSON, Individually and On Behalf of All Similarly Situated Persons, <br>     Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-484 |
| GLOBAL FIXTURE SERVICES, INC., DUSTIN HUGHES, Individually, and DOLGENCORP OF TEXAS, INC., <br>     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Global Fixture Services, Inc. ("Global") and its owner, Dustin Hughes, have a business plan that includes hiring traveling merchandisers and misclassifying them as independent contractors despite the fact that the workers are treated as and have all of the characteristics of an employee. Defendant Dolgencorp of Texas, Inc., which does business under the trade name of Dollar General ("Dollar General"), knowingly utilizes Global workers and exerts enough control over the day-to-day job functions of the Global merchandisers to make Dollar General a joint employer with Global. Global and Dollar General (jointly referred to as "Defendants") break the law in order to avoid paying overtime pay to merchandisers, saving the Defendants money and allowing them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Michel Thompson ("Thompson" or "Plaintiff") is one of a number of salaried merchandisers hired by Global and utilized by Dollar General. Thompson brings this lawsuit on his own behalf and on behalf of his former co-workers against

Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

## Facts Supporting Relief

## Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Dollar General hires Global Fixture Services, Inc. to "remodel" Dollar General Stores. Global hires individuals to form crews of approximately 12 individuals to do this work. One crew member is called the "team lead," and is the liaison with the Dollar General representative and is generally in charge of the crew and their work. However, a Dollar General representative is on-site at the store being remodeled during the entire process. The Dollar General Representative is the person ultimately responsible for the work being performed and determines how that work is done, assigns duties to each crew member and monitors the progress and quality of the work. The Dollar General representative has the power and ability to direct Global to terminate the employment of a crew member that he or she deems to be unacceptable. Each remodel requires removing much of the merchandise from a Dollar General store and putting it in a storage container brought on site for that purpose. The workers then move shelving, coolers, and other fixtures to new locations according to Dollar General plans and specifications. The crew then returns the merchandise to the shelves under Dollar General's direction. Each crew spends a week or so on each remodel, beginning on Saturday and finishing the following Thursday, Friday, or occasionally Saturday.

2. Global classifies the crew members as "independent contractors." Global pays each worker a weekly payment by Global for each remodel. This payment is determined solely by Global and does not vary unless Global decides to change it. Global assigns the crews to remodel particular locations and both Global and Dollar General supervise, monitor, and direct

the workers in the manner and conduct of their work.

3. Each week, Global issues a "purchase order" to each crew member for the weekly pay amount that Global has determined each such worker is to be paid. The workers are then required to sign the purchase order and return it to Global in order to be paid. But each worker must also get a "sign-off" from the Dollar General representative on site in order to get paid for that week. The workers have no ability to increase their profit or loss due to their own efforts. Global and Dollar General totally control the workers' pay and the method of getting paid.

4. If a Global worker helps to unload the fixture truck on Saturday prior to the reset work beginning on Sunday, that worker is paid an extra sum of money for that work. Similarly, if a team finishes their job on time and one of the workers on that team is sent to assist a team at another Dollar General store that is running behind schedule to finish their job, that worker is paid extra for the extra work. On the other hand, if a worker arrives late for work on any day, leaves early, or misses a day at work, Global docks that person's pay.

5. Thompson worked for Global as a merchandiser between February 1, 2019 and March 1, 2020 and again from August of 2020 until January of 2021. Thompson had various duties, including but not limited to the following: (1) working in the retail stores of Global's customers which usually, but not always was Dollar General, (2) removing merchandise from shelves, (3) moving shelving unites to assigned locations according to the customers' plans, (4) building shelving units in designated locations in stores, and (5) re-stocking the shelves with product.

6. During the time Thompson worked for Global servicing Dollar General locations, Thompson regularly worked in excess of 40 hours per week.

7. Global purported to pay Thompson and his co-workers on a salary basis, that is, a set amount of pay for a week's work.

8. Global, however, did not always pay Thompson and his co-workers the same amount of pay each week. At various times, if a worker, including Thompson, did not work the full amount of assigned days for the week, Global paid the workers less than the promised salary. If the workers worked more than the assigned days or provided additional services, such as unloading trucks or helping to finish up remodels at other locations after their assigned location had been completed, Global paid the worker more than the promised salary.

9. Global did not pay Thompson or his co-workers an overtime premium for any of the hours that they worked in excess of 40 in a workweek.

10. Thompson worked with numerous other workers employed by Global who were paid on an ostensible salary basis and who were misclassified as independent contractors. These workers were also merchandisers who also regularly worked over 40 hours per week. Global did not pay these workers overtime for hours they worked in excess of 40 per workweek.

11. Dustin Hughes ("Hughes") is the president and a shareholder, perhaps the only shareholder, of Global. Hughes controls the manner in which the Global merchandisers are paid. Hughes made or was involved in making the decision to classify the merchandisers as independent contractors, to pay the workers a flat rate instead of on an hourly basis, to not keep track of the hours worked, and to not pay them overtime pay. Hughes also made the decision to keep employing these merchandisers on the same basis after Global was sued in and settled the lawsuit referenced in the next paragraph.

12. Global, Hughes, and Dollar General have and have had actual knowledge for some period of time that Global was not properly paying its workers according to requirements

of the FLSA.  If there was any doubt, Global and Dollar General were both made aware because both were previously sued for FLSA overtime violations for the same job position in at least one other lawsuit: *Tillis v. Global Fixture Services, Inc. and Dolgencorp of Texas, Inc.;* C.A. No. 4:19-cv-1059; In the United States District Court for the Southern District of Texas, Houston Division.

## Allegations Regarding FLSA Coverage

13. Defendant Global is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

14. During each of the three years prior to this complaint being filed, Global was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

15. During each of the three years prior to this complaint being filed, Global regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

16. During each of the three years prior to this complaint being filed, Global conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

17. During each of the three years prior to this complaint being filed, Global's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

18. Defendant Dollar General is a Kentucky corporation doing business in the state of Texas and is covered by and subject to the overtime requirements of the FLSA.

19. During each of the three years prior to this complaint being filed, Dollar General was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

20. During each of the three years prior to this complaint being filed, Dollar General regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

21. During each of the three years prior to this complaint being filed, Dollar General conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

22. During each of the three years prior to this complaint being filed, Dollar General's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

### Plaintiff's Claims

23. Global was legally required to pay Thompson and his similarly situated merchandiser co-workers ("similarly situated workers") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

24. Thompson worked over 40 hours in most, if not all, workweeks that he worked for Global.

25. Similarly situated workers worked over 40 hours in many workweeks that they worked for Global.

26. Global did not pay Thompson any overtime for any of the overtime hours that he worked for Global or its customers, including Dollar General. Similarly, Global did not pay the similarly situated workers any overtime for any of the overtime hours that they worked for Global or its customers, including Dollar General.

27. Global intentionally misclassified Thompson and his co-workers as independent contractors in order to avoid paying overtime to those individuals. In addition to wrongfully taking money and benefits from its employees, Global's intentional and knowing actions allowed Global to gain an unfair advantage over its competition in the marketplace.

28. Global knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff and similarly situated employees. Such practice was and continues to be with regard to the similarly situated employees, a clear violation of the FLSA.

29. The remodels of Dollar General Stores takes place on Dollar General's premises.

30. Dollar General exerted and continues to exert significant control over the work performed by Thompson and his co-workers.

31. Dollar General dictated and continues to dictate the timeline for each remodel and had and continues to have very detailed requirements as to how the process of the remodel would be performed.

32. Dollar General requires one of its employees to be present throughout each remodel. That Dollar General employee controls every aspect of each remodel, including but not limited to assigning the workers from each Global team to specific tasks for the remodel. The

Dollar General employee writes out specific individualized directions and tasks for each member of the Global remodel team each day.

33. In addition, Dollar General has actual knowledge of the manner in which Global and numerous other of its merchandising contractors pay their personnel. Dollar General knows that Global does not pay its merchandisers overtime pay. Dollar General structures its pricing for the remodel work based on its knowledge of the illegal manner in which Global merchandisers are paid. Dollar General is a joint employer with Global of the Global merchandisers that remodel its stores.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

34. Global violated the FLSA by failing to pay Thompson and the similarly situated co-worker merchandisers overtime pay for hours worked over 40 per workweek.

35. Thompson and the similarly situated employees have suffered damages as a direct result of Global's illegal actions.

36. Global is liable to Thompson and all similarly situated workers for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

37. Hughes is also liable for the damages to Thompson and similarly situated employees because he is an "employer" of these individuals under the FLSA.

38. Dollar General is jointly and severally liable for the damages to Thompson and similarly situated workers because it is a joint employer of these individuals along with Global.

### Similarly Situated Employees

39. Global's failure to pay its workers as required by the FLSA resulted from a

generally applicable policy that does not depend on the personal circumstances of the similarly situated employees; that is, paying non-exempt merchandising workers on a weekly basis and docking and supplementing their pay depending on time worked. This generally applicable policy is prohibited by the FLSA. Thus, Thompson's experience is similarly situated to the other workers of Global and Dollar General who are all carrying out the same duties and subjected to the same illegal misclassification and illegal pay practices.

40. The employees who are similarly situated are properly defined as:

**All individuals who are/were employed or engaged by and paid on a salary basis by Defendant Global Fixture Services, Inc. during the three-year period preceding the filing of this Complaint to perform work as merchandisers for Dollar General and other retailers and who were classified as independent contractors, paid on a 1099 basis.**

### Defendant, Jurisdiction, and Venue

41. Defendant Global Fixture Services, Inc. ("Global") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Thompson, Global is subject to the provisions of the FLSA. Global was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s) and had gross annual revenues in excess of $500,000.00. Global may be served through its registered agent, Registered Agent Solutions, Inc., at Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, Texas 78735.

42. Defendant Dustin Hughes is an individual residing in the state of Florida. As the president and control person of Global he exerted sufficient control over the employment and compensation of Thompson and similarly situated workers that he is their "employer" under the FLSA. Mr. Hughes may be served with process at 2728 Keystone Drive, Orlando, Florida 32806, or wherever he may be found.

43. Defendant Dolgencorp of Texas, Inc. ("Dolgencorp") is a Kentucky corporation and an "employer" as defined by the FLSA. With respect to Thompson, Dolgencorp is subject to the provisions of the FLSA. Dolgencorp was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s) and had gross annual revenues in excess of $500,000.00. Dolgencorp may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

44. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Thompson transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

45. Thompson demands a trial by jury.

## Prayer for Relief

WHEREFORE, Michel Thompson and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all similarly situated persons performing remodeling work who are/were employed or engaged by and paid on a weekly basis by Global Fixture Services, Inc. during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the similarly situated employees' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF MICHEL THOMPSON**